

| | THE CITY OF NEW YORK | |
|---|---|---|
| MICHAEL A. CARDOZO<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | Susan P. Scharfstein<br>*Special Federal Litigation Division*<br>*212-227-4071*<br>*Facsimile: (212) 788-9776*<br>*sscharfs@law.nyc.gov* |

October 1, 2012

**BY ECF**
Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re: Stevens v. Webb, 12 CV 2909 (KAM) (SMG)

Dear Judge Matsumoto:

      I am an attorney in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, counsel for defendants City of New York and Police Sergeant Alessio Bono (hereinafter "defendants") in the above-referenced action. Pursuant to Your Honor's Individual Rules of Practice, I write to request a conference to address defendants' proposed motion to dismiss this action in its entirety as against them pursuant to Federal Rules 12(b)(1) and (6). Because of the number and complexity of the issues, defendants request leave to exceed the presumptive three-page limit for this submission.

A.    **Background of This Action and Plaintiff's Allegations**

      Plaintiff Jacob Stevens, in his capacity as Administrator of the Estate of Clara Heyworth, his deceased wife, alleges, inter alia, that the New York City Police Department failed properly to investigate and caused evidence of a crime to be destroyed in violation of Stevens' federal and state rights. Complaint at ¶¶ 1, 4.[1] More specifically, plaintiff alleges that, during

---

[1] Although plaintiff purports to sue in his representative capacity, he also alleges that the NYPD, a non-suable entity, acted and/or failed to act in violation of his state and federal rights. Id. at ¶ 1. In addition to federal question and supplemental jurisdiction, plaintiff alleges diversity jurisdiction based on 28 U.S.C. § 1332(a)(2) and (c)(2), in his capacity as a personal representative of his deceased wife and her status as a non-United States citizen. See id. at ¶¶ 4, 11, 12, 13. He does not, however, allege that his decedent was not a permanent resident of the United States and was not domiciled in New York. See 28 U.S.C. § 1332(a)(2); Gullas v. 37-31 73rd St. Owners Corp., 2012 U.S. Dist. LEXIS 70046 at *6

Continued…

the early morning hours of July 10, 2011, his wife was killed by an intoxicated, unlicensed, and speeding motorist, co-defendant Anthony Webb. Id. at ¶¶ 1, 16 to 19.² Plaintiff alleges that local precinct officers responded and arrested Webb for driving while intoxicated, among other charges. Id. at ¶¶ 27, 29. Plaintiff alleges, however, that the investigation was not satisfactory because evidence necessary for a criminal conviction was not gathered and preserved and that, as a result, criminal charges against Webb were dismissed. Id. at ¶¶ 30, 35, 39. Plaintiff alleges that the failure to properly investigate was pursuant to an official policy of failing meaningfully to investigate vehicle crashes unless a fatality is immediate or near-certain to occur, of systematically misclassifying vehicular crimes as "accidents" so as to create a misleading appearance of declining crime rates, and of failing to supervise and train officers assigned to the specialized NYPD unit known as the Accident Investigation Squad to determine whether accident victims are likely to die. Id. at ¶¶ 20 to 35, 46 to 57 to 70. As a consequence, plaintiff alleges that his civil claims against Webb and his ability to obtain compensation from the Crime Victims Compensation Board have been impaired. Id. at ¶¶ 80, 81.

On this basis, plaintiff alleges claims against the City and Bono as follows: a state law claim for negligence under VTL § 603 against the City and Bono; a state law claim for negligence under VTL § 603-1 against the City and Bono; a state law claim for negligent failure to supervise and train against Bono; a state law claim for infliction of emotional distress against Bono; a state law claim for respondeat superior liability against the City; a federal claim for deprivation of procedural due process pursuant to the Fourteenth Amendment against the City and Bono; a federal claim for infringement of the right of access to the courts under Article 4 and the First and Fourteenth Amendments against the City and Bono; and a claim for municipal liability pursuant to Monell v. Department of Social Servs., 436 U.S. 658 (1978). As set forth below, each of these claims should be dismissed at the outset as plaintiff fails to state a claim for relief as against either of these defendants.

**B.     Legal Analysis**

Plaintiff's New York State law claims should be dismissed in their entirety, as he has failed to allege facts to support that defendants breached a duty owed to his decedent. A plaintiff cannot bring a tort claim against the government or a governmental actor performing a governmental function unless he alleges the existence of a special duty. Valdez v. City of New York, 18 N.Y.3d 69, 75 (2011). An action cannot be advanced against a municipality based on an alleged breach of a duty owed to the public at large. Cuffy v. City of New York, 69 N.Y.2d 255, 260 (1987). This rule applies whether the governmental action at issue is discretionary or ministerial. Valdez, 18 N.Y.3d at 76-77; Lauer v. City of New York, 95 N.Y.2d 95, 99 (2000).

A special duty can be created in any of three ways: (1) through the breach of a statutory duty for the benefit of a particular class of persons where the governing statute authorizes a private right of action; (2) when the municipality assumes positive direction and control in the face of a known, blatant and dangerous safety violation; (3) when the municipality voluntarily assumes a duty that generates justifiable reliance by the person who benefits from the

---

(E.D.N.Y. May 10, 2012) (Lexis decisions arranged in alphabetical order and annexed hereto as Exhibit A). Nor does the complaint contain allegations as to Stevens' own citizenship or residence.
² According to public record documents, on August 8, 2012, Webb pled guilty to a violation of the Vehicle and Traffic Law and a sentence was imposed.

duty. McLean v. City of New York, 12 N.Y.3d 194, 200 (2009); Pelaez v. Seide, 2 N.Y.3d 186 (2004). Here, the provisions of the VTL on which plaintiff relies create no private right of action.[3] Plaintiff has not alleged that defendants assumed control of a known and dangerous condition. Nor could plaintiff's decedent possibly have communicated with the police concerning an investigation into the circumstances alleged to have caused her death, much less relied to her detriment on any promise or assurances that the police might have offered with regard to an investigation of the accident in which she died. Having failed to allege facts to support the existence of a special duty, plaintiff cannot proceed with his claims for negligence based on the VTL.

Even assuming the plaintiff could allege and prove the existence of a special duty, defendants are entitled to absolute governmental immunity. The allegations of the complaint implicate discretionary governmental functions, i.e., the quintessential governmental function of providing police services. Valdez, 18 N.Y.3d at 76; Matter of World Trade Center Bombing Litig. v. Port Authority of N.Y. and N.J., 17 N.Y.3d 428, 448 (2011). The investigative steps undertaken, the types of cases deemed more "at risk," and the allocation of resources are regarded by the courts as matters of the policymakers' discretion. E.g., Cuffy, 69 N.Y.2d at 260. Accordingly, plaintiff's negligence claims are barred by this defense. The claims for negligent failure to supervise and train, infliction of emotional distress, and respondeat superior liability are all derivative of the negligence claims and thus are similarly flawed for this reason.[4]

As for plaintiff's claim for infliction of emotional distress, as a threshold matter, this claim appears to be based on his allegation that he experienced emotional distress for which he has required ongoing mental health treatment. Complaint at ¶¶ 30, 31. However, as noted above, plaintiff has brought this action solely in his capacity as personal representative of his late wife's estate. He therefore cannot recover in this action for his own alleged emotional injuries. Further, plaintiff fails to specify whether he bases that claim on intentional or negligent conduct. Courts consistently have held that, as a matter of public policy, a municipality and its employees engaged in official conduct cannot be sued on a theory of intentional infliction of emotional distress. Dillon v. City of New York, 261 A.D.2d 34, 41 (1st Dep't 1999); La Belle v. County of St. Lawrence, 85 A.D.2d 759, 445 N.Y.S.2d 275, 278 (3d Dep't 1981). Courts typically apply the same standard to theories of intentional and negligence conduct, and require a showing of conduct so extreme and outrageous as to exceed all possible bounds of decency and to be utterly intolerable in a civilized society. O'Neill v. Hernandez, 2010 U.S. Dist. LEXIS 33262 at *37-38 (S.D.N.Y. Mar. 25, 2010). In the present case, the acts alleged in the complaint fail to come near to satisfying this high standard. See Howell v. New York Post, 81 N.Y.2d 115, 122 (1993); Lauer v. City of New York, 240 A.D.2d 543, 659 N.Y.S.2d 57, 58 (2d Dep't 1997), appeal

---

[3] Plaintiff's citation in the Complaint at ¶ 45 to Cunningham v. City of New York, 907 N.Y.S.2d 529, 530 (Sup. Ct. App. Term 1st Dep't 2010), notwithstanding, a subsequent decision of the Supreme Court has found that appellate term decisions – unlike decisions of the Appellate Division – are not, because of the unique institutional history of the appellate term, binding authority. See People v. Burgos, 2012 N.Y. Misc. LEXIS 3358 at *30-33 (Sup. Ct. N.Y. County July 2, 2012). In any event, Valdez, which was more recently decided by the Court of Appeals, controls here.

[4] Plaintiff cannot proceed with his claims for both negligent training and supervision and respondeat superior, as these are logically inconsistent theories of recovery. See Karoon v. New York City Transit Auth., 241 A.D.2d 343, 659 N.Y.S.2d 27, 29 (1st Dep't 1997).

denied, 91 N.Y.S.2d 807 (1998).[5] To the extent that plaintiff purports to base his claim on a negligence theory, plaintiff must allege that a duty was owed to him, which he fails to do. Lauer, 659 N.Y.S.2d at 58 (municipal defendants owed no duty to avoid distressing spouse of person who became target of criminal investigation or who suffer distress as a consequence of a misguided police inquiry). Plaintiff also must show that a breach of duty owed directly to the plaintiff either endangered plaintiff's physical safety or caused the plaintiff to fear for his own safety. Lancelloti v. Howard, 155 A.D.2d 588, 547 N.Y.S.2d 654 (2d Dep't 1989). No such facts are alleged in the complaint.[6]

Plaintiff cannot pursue a federal claim for failure to conduct an adequate investigation, as there is no such claim for relief under federal law. As numerous cases have held, there is no constitutional right to a fair or adequate police investigation. See, e.g., Walker v. City of New York, 2010 U.S. Dist. LEXIS 132801 at *17 (E.D.N.Y. Feb. 16, 2000); Newton v. City of New York, 566 F. Supp. 2d 256, 278 (S.D.N.Y. 2008). Nor does plaintiff state a claim for denial of a right to access to the courts, as he has failed to allege deliberate or malicious actions taken by defendants for the purpose of denying him a remedy in the courts. See Farella v. City of New York, 2007 U.S. Dist. LEXIS 63087 at *31-32 (S.D.N.Y. Aug. 22, 2007) (failure to conduct testing and gather evidence did not amount to deliberate action to destroy evidence or interfere with rights so as to constitute a "cover-up" necessary to pursue a claim for denial of access to the courts). Each of these purported federal claims should be dismissed, as neither implicates a right that can be vindicated in a lawsuit pursuant to 42 U.S.C. § 1983.

Nor does plaintiff allege the personal involvement of Bono in the allegedly unconstitutional acts, a prerequisite to a claim under § 1983. Murphy v. County of Chemung, 2012 U.S. App. LEXIS 10018 at *5 (2d Cir. May 18, 2012). The sole factual allegation concerning this defendant is set forth in paragraph 25 of the complaint: "On information and belief, the Highway Division District 2 sergeant who authorized the cancellation of AIS's investigation of the Crash was Bono. In the alternative, Detective John Doe made the decision to cancel the AIS investigation." Such allegations "on information and belief" – and, indeed, allegations that posit an equally likely alternative scenario -- do not offer a sufficient factual basis to state a plausible claim for relief. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Concepcion v. City of New York, 2008 U.S. Dist. LEXIS 91554 at *25 (S.D.N.Y. May 7, 2008).

To the extent that plaintiff's claims are not barred for the above reasons, defendant Bono is entitled to qualified immunity against these "insubstantial claims" that should be resolved prior to discovery and at the earliest possible stage. See, e.g., Pearson v. Callahan,

---

[5] In 1993, the New York State Court of Appeals noted that "of the intentional infliction of emotional distress claims considered by this Court, every one has failed because the alleged conduct was not sufficiently outrageous." Howell, 81 N.Y.2d at 122 (citations omitted). Our research, similarly, has not uncovered any authorities upholding a verdict or judgment on any IIED claim. We thus submit that this claim should be resolved on the facts alleged as a matter of law.

[6] With respect to his purported state law claims, those claims appear to be defective for the additional reason that plaintiff has failed to satisfy conditions precedent to suit. Although he alleges that he filed a timely notice of claim on May 10, 2012, Complaint at ¶ 15, that notice does not satisfy the statutory prerequisites to suit as to the claims alleged in the complaint. We note that plaintiff has made an application to file a late notice of claim, which is presently pending in state court, and fully reserve defendants' rights to assert this defense.

555 U.S. 223, 231-32 (2009). As for the City, plaintiff does not satisfy the pleading standard to state a <u>Monell</u> claim. The lengthy and diffuse allegations of the complaint fall far short of alleging an unconstitutional policy or practice of failing to investigate vehicular accidents (Complaint at ¶¶ 71 to 81), of failing to supervise and train AIS officers (<u>id.</u> at ¶¶ 58 to 70), or of underreporting serious crimes (<u>id.</u> at ¶¶ 82 to 94), so as to amount to "deliberate indifference" to rights. <u>Id.</u> at ¶ 95. As discussed above, plaintiff fails to allege an underlying violation of any federal constitutional right. Moreover, the complaint does not and cannot allege that any policy of failing to investigate certain vehicular accidents has been motivated by a desire to impair a victim's rights to compensation from tortfeasors through the legal system or from an agency of the state.

As set forth above, plaintiff does not state a claim for relief as against the City or Bono. Even assuming that he did, his damages are speculative at best. The decision to pursue a prosecution is a matter of the discretion of the District Attorney's office irrespective of a police investigation. To the extent that plaintiff purports to sue in his capacity as representative of his wife's estate, the estate of a victim cannot seek assistance from the Crime Victim's Compensation Board. <u>See</u>, e.g., <u>Gryziec v. Zweibel</u>, 74 A.D.2d 9, 426 N.Y.S.2d 616, 617-19 (4th Dep't 1980) (§ 624 of the Executive Law plainly indicates that a claimant is intended to be a natural living person, <u>i.e.</u>, the actual victim, if living, or a person dependent for principal support on a victim who died as a result of a crime; noting that the estate of a person who would have been eligible to claim compensation cannot pursue a claim as an asset of the estate). Moreover, a crime victim has no legal entitlement to aid pursuant to Article 22 of the Executive Law, as the Board renders aid on a discretionary basis. <u>See</u> <u>Matter of Meditrust Fin. Servs. v. New York Crime Victims Board</u>, 226 A.D.2d 881, 640 N.Y.S.2d 676, 677-78 (3d Dep't 1996) (citing Executive Law § 620, which provides that the aid available thereunder is a "matter of grace").

To survive a motion to dismiss for failure to state a claim, plaintiff must satisfy the "facial plausibility" pleading standard set forth in <u>Iqbal</u>. 556 U.S. at 678. As plaintiff fails to plead facts that give rise to a plausible inference that either of the defendants violated a federal or state right, his complaint is legally insufficient and should be dismissed. For the above reasons, it appears unlikely that plaintiff's counsel will be able, consistent with his Rule 11 obligations, to craft a pleading so as to cure the fatal deficiencies in the complaint. Defendants thus ask that the Court set a conference to address the proposed motion to dismiss discussed herein. Moreover, in the interim, this action should not proceed to inevitably costly and protracted discovery. <u>Id.</u> at 678-79 ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions"). Defendants therefore request that the Court also grant a stay of discovery as to these defendants pending resolution of the motion to dismiss.

Respectfully submitted,

/S/

Susan P. Scharfstein

cc: Honorable Steven M. Gold (by ECF)
Steve Vaccaro, Esq. (by ECF)
Michael B. Titowsky, Esq. (by ECF)